CLERK'S COPY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FILED AT ALBUQUERQUE NM

JUN 2 5 1999

ROBERT M. MARCH
CLERK

BERNARD LAREZ,

Plaintiffs,

v.

No. CIV-99-0579 MV/LCS

DANNY MOORE, Detective,
And Two Unknown Jail Guards
of the CHAVES COUNTY SHERIFF'S
DEPARTMENT, In their Individual
And Official Capacity,

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human*



*Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was subjected to excessive force by Defendant Moore and the two unknown Defendants, and that he was denied medical treatment following the assault. All Defendants are employees of the Chaves County Sheriff's Department and are sued in their individual and official capacities. Plaintiff seeks damages.

Plaintiff's claims against Defendants in their official capacities are the equivalent of claims against the county which employs them. *Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988). Plaintiff has failed, however, affirmatively to link the county to the acts allegedly committed by its employees. A local governmental agency or municipality cannot be held liable for the acts of its employees solely under a theory of *respondeat superior*. *Sauers v. Salt Lake County*, 1 F.3d 1122, 1129 (10th Cir. 1993); *Jantz v. Muci*, 976 F.2d 623, 630 (10th Cir. 1992); *Butcher v. City of McAlester*, 956 F.2d 973, 977-78 (10th Cir. 1992). Accordingly, Plaintiff's claims against Defendants in their official capacities will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

IT IS THEREFORE ORDERED that Plaintiff's motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall be required to pay the full amount of the filing fee in monthly payments of twenty per cent (20%) of the preceding month's income credited to Plaintiff's account or show cause why he has no assets and no means by which to pay the

designated filing fee. The Clerk of the Court shall provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order.

IT IS FURTHER ORDERED that if Plaintiff fails to have the designated monthly payments sent to the Clerk by the designated deadline or to show cause why he has no assets and no means by which to pay the monthly payments, the civil rights complaint will be dismissed without prejudice without further notice.

IT IS FINALLY ORDERED that Plaintiff's claims against Defendants in their official capacities are DISMISSED; summons shall issue for Defendant Moore in his individual capacity; and Plaintiff shall be allowed a reasonable time to identify the unknown Defendants.

_____
UNITED STATES DISTRICT JUDGE