# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

**BERNARD LAREZ,**

        Plaintiff,

vs.                                                                            **No. CIV. 99-579 MV/LCS**

**DANNY MOORE, et al.,**

        Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Defendant Danny Moore's motion to dismiss for failure to state a claim and for Qualified Immunity (docket entry # 15), filed on October 25, 1999. The Court, having considered the pleadings, the memoranda submitted by the parties and the applicable law, proposes finding that the Motion is well taken and recommends that will be granted.

Plaintiff alleged that in March, 1997, while he was a pretrial detainee in the Chaves County Jail, he was requested to provide a palm print and refused. Sometime later, Defendant obtained a court order allowing him to take Plaintiff's palm print, but Plaintiff still refused to provide it. Defendant then punched and kicked Plaintiff, slammed his head into the floor, and demanded that he provide a palm print immediately. Plaintiff, in fear of death, agreed to provide the palm print. Plaintiff then requested medical care and the Defendant refused to provide anything other than Tylenol. Plaintiff claims that he is entitled to $300,000 for pain and suffering and mental anguish, and $50,000 for punitive damages, because the Defendants used excessive force in procuring his palm print, and were then deliberately indifferent to his medical needs.

A court will dismiss a complaint for excessive force if plaintiff fails to allege more than a *de minimis* injury. *See e.g. Bruce v. Goord*, __ F.Supp. ___, 1999WL 1050090 (E.D.N.Y. Nov. 12, 1999). Defendant contends that Plaintiff never alleged in his complaint that he suffered any injury. On a motion to dismiss, all allegations in the Complaint are taken as true, and all inferences are drawn in favor of the Plaintiff. *Id.* In the present case, the Plaintiff's allegations of being battered support an inference that he could have suffered more than a *de minimis* injury, but it is just as possible that he did not. In *Goord*, the court found that a very similar allegation by a *pro se* plaintiff (that defendant slammed the plaintiff's head against the wall) insufficient to state an excessive force claim in the absence of an allegation of injury. However, recognizing that it was a close question, the court dismissed the claim without prejudice so that the inmate could refile the claim with appropriate injury allegations. This Court is persuded by the reasoning of *Goord*. Accordingly, the Court recommends that Defendant's motion to dismiss Plaintiff's excessive force claim be granted without prejudice.

Similarly, that Plaintiff received Tylenol when he asked for medical treatment, coupled with no allegation that it was insufficient to relieve whatever pain he had, prevents the Court from inferring that Defendant Moore was deliberately indifferent to Plaintiff's medical needs. *See LeDoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992). Accordingly, the Court recommends that Defendant's motion to dismiss without prejudice Plaintiff's deliberate indifference to medical needs claim as well.

Within 10 days from receiving a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition a party may file written objections to them. A party must file its objections within 10 days with the Clerk of the United States District Court for the District of New

Mexico if it desires further review; if it fails to do so, neither the District Court nor the Court of Appeals will review the Magistrate Judge's Proposed Findings and Recommended Disposition.

_____
Leslie C. Smith
United States Magistrate Judge